Filed 3/14/16  In re Jonathan A. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re JONATHAN A., a Person Coming Under the Juvenile Court Law. | |
| | D068550 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. No. J518967) |
| v. | |
| JUDY A., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Edlene McKenzie, Commissioner.  Affirmed.

William Hook, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel, and Jennifer M. Stone, Deputy County Counsel, for Plaintiff and Respondent.

In April 2014 one-year-old Jonathan A. was taken into protective custody and placed in the home of his maternal grandmother after his mother, Judy A. (mother), failed to comply with the terms of a home voluntary services contract with the San Diego County Health and Human Services Agency (Agency). Under the contract, the mother had agreed that the maternal grandmother would care for Jonathan while the mother received treatment for her admitted methamphetamine abuse. However, the mother did not enroll in drug treatment, she continued to use methamphetamine, and she did not honor her agreement to allow Jonathan's maternal grandmother to temporarily care for him. The juvenile court declared Jonathan a dependent of the court, removed him from his parents' custody, ordered reunification services to his parents, ordered that Jonathan continue to be placed with his maternal grandmother, and granted the mother weekly supervised visitation. By the time of the contested 12-month review hearing in July 2015, the mother had not complied with her case plan, which included residential drug abuse treatment, individual therapy, and on-demand drug testing. The court terminated her reunification services.

The mother appeals, contending the court abused its discretion at the contested 12-month review hearing by denying a request she claims she made for more frequent visitation with Jonathan. We conclude the mother made no such request in the juvenile court and, thus, she forfeited her claim on appeal.

DISCUSSION

The mother's sole claim on appeal is that "the court abused its discretion" at the 12-month review hearing "by failing to grant [her] request for more frequent visitation."

2

In her appellant's opening brief, the mother asserted at page 6 that, "[a]t Jonathan's [12]-month review hearing, [she] requested the court order more visitation." In support of this assertion, she cited pages 11 and 40 of volume 4 of the reporter's transcript.

On February 24, 2016, this court, finding nothing in the record to indicate that the mother had requested more frequent visitation with Jonathan or that the juvenile court had denied such a request at the contested 12-month review hearing, requested that the parties file and serve supplemental letter briefs "cit[ing] with specificity where the record shows that (1) the mother requested more frequent visitation with Jonathan, and (2) the court denied that request at the contested 12-month review hearing held on July 28, 2015."

In the mother's letter brief filed March 2, 2016, her appellate counsel states:

"Other than the statements made by the mother's trial counsel on page 11 of [volume 4 of] the reporter's transcript, the record does not show that the mother requested more frequent visits. My initial interpretation of the [mother's trial] attorney's statements to the court on page 11 was that she had requested [that the mother's] visits be 'extended,' meaning she wanted more visitation."

Although the mother's appellate counsel acknowledges "it appears [he] misinterpreted trial counsel's statements," he asserts that "the visitation issue might not be forfeited" because "the mother argued for extending reunification services, which included visitation."

In the Agency's letter brief filed March 2, 2016, deputy county counsel states:

"The Agency agrees with this Court that pages 11 and 40 of volume 4 of the reporter's transcript do not support the mother's assertion she requested more frequent visitation with Jonathan. The Agency further observes the record does not demonstrate the trial court

3

denied a request by the mother for more frequent visitation at the contested 12-month review hearing. A more scrupulous reading of the reporter's transcript . . . and a review of the clerk's transcript reveal the Agency erroneously recognized an implied request by the mother to increase visitation and similarly erroneously recognized an implied denial by the trial court of that request. The Agency regrets this error. [¶] [I]t appears an erroneous inference was made . . . ."

The Agency then argues "the issue of visitation was not before the trial court [and] the mother has forfeited her right to claim error as grounds for reversal on appeal."

Our review of volume 4 of the reporter's transcript shows that neither page 11 nor page 40 of the transcript supports the mother's assertion that she requested more frequent visitation with Jonathan. Specifically, page 11 shows as follows that the mother's trial counsel, Sarah Bear, misspoke during her opening statement by requesting that the mother's "visits [be] extended" and that she almost immediately corrected herself by requesting that the mother's *reunification services* be extended despite the Agency's recommendation that the mother's reunification services be terminated:[1]

> "MS. BEAR: Today, Your Honor, the evidence will show that mother has made enough progress in order to have her *visits extended* and also it would be in the best interest—*I'm sorry, services extended* and it would be in the best interest of her son in order to have *those services extended* for his mother." (Italics added.)

Page 40 of the reporter's transcript also shows the mother was requesting a continuation of her reunification services, not more frequent visitation with Jonathan:

---

[1] In its status review report of June 8, 2015, which the court considered at the contested 12-month review hearing, the Agency recommended that the court terminate the mother's "[c]ourt-mandated reunification services."

"MS. BEAR:  Thank you, Your Honor.  [¶] Your Honor, today *we're asking the Court to not follow the Agency's recommendations and allow the mother to continue with her reunification services*.  There's been much talk of the mother's visitation, but the grandmother, who is the caregiver, is very clear[,] as indicated by the social worker, that the mother was visiting once a week, she was having those visits."  (Italics added.)

Page 42 of the reporter's transcript also shows the mother was requesting a continuation of her reunification services, not more frequent visitation with Jonathan:

"[MS. BEAR:]  It would be in the child's best interest for mother, who is very active in his life, who is very attentive and appropriate with him, to be given the opportunity to *continue her reunification services* so she can be the best version of herself for her son.  For those reasons, Your Honor, *we would be requesting that reunification services be continued for the mother*."  (Italics added.)

The foregoing record establishes that the mother did not request more frequent visitation with Jonathan; she requested the continuation of her reunification services.  By failing to request more frequent visitation in the juvenile court, she forfeited her claim on appeal that the court "abused its discretion by failing to grant [her] request for more frequent visitation." (See *In re Christopher B.* (1996) 43 Cal.App.4th 551, 558 ["In dependency litigation, nonjurisdictional issues must be the subject of objection or appropriate motion in the juvenile court; otherwise those arguments have been waived and may not be raised for the first time on appeal."].)

## DISPOSITION

The judgment is affirmed.

NARES, J.

WE CONCUR:

BENKE, Acting P. J.

McINTYRE, J.